861 F.2d 728
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Brenda A. TAYLOR, Petitioner,
v.
DEPARTMENT OF the NAVY, Respondent.
 No. 88-3086.
 United States Court of Appeals, Federal Circuit.
 Aug. 31, 1988.
 
 Before ARCHER, Circuit Judge, SKELTON, Senior Circuit Judge, and MICHEL, Circuit Judge.
 PER CURIAM.
 
 
 1
 The decision of the Merit Systems Protection Board (board), Docket No. ATO7528610021, reversing the initial decision of the administrative judge (AJ) and sustaining the petitioner's removal by the Navy (agency) for notoriously disgraceful conduct in connection with the death of her son, is affirmed.
 
 
 2
 We cannot agree with the appellant's argument that the AJ considered even though not mentioning evidence submitted by the agency establishing the notoriously disgraceful nature of appellant's conduct and establishing a nexus between that conduct and the efficiency of the agency. On the contrary, the AJ failed to even recognize the agency evidence, stating in the initial decision that "the only evidence in this record which addresses the character of the appellant's conduct comes from the appellant and that evidence does not suggest that her conduct was notoriously disgraceful." Even if the AJ had considered other evidence in reaching the conclusion that Mrs. Taylor should not be removed, the board is entitled to its own independent review of the evidence on the record. See Jackson v. Veterans Administration, 768 F.2d 1325, 1329 (Fed.Cir.1985).
 
 
 3
 Furthermore, as the board correctly noted in its decision reviewing the findings of the AJ, the uncontroverted agency testimony and documentary evidence established that the employees at the commissary complex where Mrs. Taylor worked had knowledge of her criminal misconduct, that the circumstances and nature of the appellant's behavior were believed to reflect negatively on the agency, and that knowledge of Mrs. Taylor's behavior was emotionally disruptive to other agency employees and would impair their ability to perform their duties if she remained. The board sustained the agency action based on this evidence.
 
 
 4
 In our view the agency evidence as to the notoriety of appellant's behavior and its impact on commissary personnel is substantial, i.e., evidence which a reasonable mind might accept as adequate to support the conclusion that Mrs. Taylor's behavior was notoriously disgraceful and that her continuation as an employee would have affected the efficiency of the service. See Universal Camera Corp. v. NLRB, 340 U.S. 474, 477 (1951). The standard of review by which we judge board decisions in cases such as this requires that we affirm the board decision when it is based on substantial evidence. See Hayes v. Department of the Navy, 727 F.2d 1535, 1537 (Fed.Cir.1984). Accordingly, notwithstanding our understanding of the unwillful and passive nature of Mrs. Taylor's involvement in her son's death and the fact that her work record over the five years she has been in government service has otherwise been without blemish, since the board's decision is supported by substantial evidence we must uphold her removal.